| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | JUDGE TORRES |
| ------------------------------------ x<br>DANIEL SHAK, SHK ASSET MANAGEMENT,<br>SHK DIVERSIFIED, LLC (and/or their successors<br>in interest),<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　　　　- against -<br><br>JPMORGAN CHASE & CO., J.P. MORGAN<br>CLEARING CORP., J.P. MORGAN<br>SECURITIES LLC, AND J.P. MORGAN<br>FUTURES INC. (merged with and into J.P.<br>MORGAN SECURITIES LLC),<br><br>　　　　　　　　　　Defendants.<br>------------------------------------ x | Civil Action No. 15 CV 992 (AT)<br><br>NOTICE OF REMOVAL<br><br>Filed<br><br>February 11, 2015<br>SDNY |

Pursuant to 28 U.S.C. § 1446, defendants JPMorgan Chase & Co., J.P. Morgan Clearing Corp., J.P. Morgan Securities LLC, and J.P. Morgan Futures Inc. (collectively, "defendants") hereby give notice of the removal of this action to this Court from the Supreme Court of the State of New York, New York County, where it is pending as Case No. 650211/2015. Because the federal courts have original jurisdiction over this action under 28 U.S.C. § 1331, this action is removable pursuant to 28 U.S.C. § 1441. The specific grounds for removal are as follows:

　　　　1.　　This action is pending in the Supreme Court of the State of New York, New York County, having been commenced by filing of a Summons with Notice on or about January 22, 2015. This Notice of Removal is filed within 30 days after receipt by defendants of the Summons with Notice, in compliance with 28 U.S.C. § 1446(b). A copy of the Summons with Notice is annexed hereto as Exhibit A. On information and belief, no other pleadings have been served and no orders have been entered in the action.

2. This action is a civil action over which this Court has original jurisdiction pursuant to its jurisdiction over disputes arising under federal statutes, 28 U.S.C. § 1331. In particular, the plaintiffs in this action allege violations by defendants of the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.* Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over plaintiffs' state law claims, which are based on the same conduct and allege violations of New York General Business Law §§ 340 and 349, and unjust enrichment.

3. All of the named defendants in this action join in this Notice of Removal.

4. Pursuant to 28 U.S.C. § 1446(d), defendants will file a copy of this Notice of Removal with the clerk of the Supreme Court of the State of New York, New York County, and will serve a copy of this Notice of Removal on counsel for plaintiffs.

5. Nothing herein constitutes a waiver of defendants' rights, objections, or defenses, including without limitation (a) objections to jurisdiction, venue, and service, and (b) defendants' right to seek dismissal of the Complaint on any grounds.

WHEREFORE, defendants pray that this action be removed from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York as provided by law.

Dated:  February 11, 2015

Respectfully submitted,

_____
Daryl A. Libow
Amanda Flug Davidoff
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Washington, D.C.  20006
Telephone: (202) 956-7500
Facsimile:  (202) 293-7495
libowd@sullcrom.com
davidoffa@sullcrom.com

*Attorneys for Defendants*

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

DANIEL SHAK, SHK ASSET MANAGEMENT, SHK DIVERSIFIED, LLC (and/or their successors in interest),

          Plaintiff,

v.

JP MORGAN CHASE & CO., J.P. MORGAN CLEARING CORP., J.P. MORGAN SECURITIES LLC, J.P. MORGAN FUTURES, INC. (merged with and into J.P. MORGAN SECURITIES LLC),

          Defendants.

Index No. _____

**SUMMONS WITH NOTICE**

---

**TO THE ABOVE NAMED DEFENDANTS:**

      **PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED** and required to appear in this action by serving upon Plaintiffs' attorney, at the address stated below, a notice of appearance or demand for a complaint.

      If this summons was personally delivered upon you in the State of New York, the notice of appearance or demand for a complaint must be served within twenty (20) days after such service of the summons, exclusive of the day of service, or within thirty (30) days after service of the summons is complete if this summons is not personally delivered to you within the State of New York.

      The nature of this action and the relief sought are set forth in the Notice below.

      If you do not serve a notice of appearance or demand for a complaint within the applicable time limitation stated above, a judgment may be entered against you by default, for the sum of at least $25 million together with interest thereon, plus the other relief set forth in the Notice below, plus the costs and disbursements of this action.

New York County is designated as the venue because: (1) Defendants do business in New York County, in person or through agents; (2) Defendants are headquartered or reside in this County and took action in this County on behalf of, at the direction of, and for the benefit of their co-conspirators; (3) many of the acts and practices complained of herein took place in this County, including but not limited to: (a) the purchase and sale of silver futures and gold futures spreads; (b) the conduct of Defendants' floor brokers on the COMEX/CME floor to manipulate the silver futures spreads took place in this County; and (c) Defendants' employees and agents who determined the manipulative silver positions were based and their conduct occurred in New York County.

Defendants' Addresses:

**(SEE ATTACHED SCHEDULE A)**

Dated: New York, New York
       January 22, 2015        Respectfully submitted,

By:   /s/ David E. Kovel

**KIRBY McINERNEY LLP**
David E. Kovel (dkovel@kmllp.com)
David Bishop (dbishop@kmllp.com)
Thomas W. Elrod (telrod@kmllp.com)
825 Third Avenue, 16th Floor
New York, New York 10022
Tel:   212.371.6600
Fax:   212.751.2540

*Counsel for Plaintiffs*

**NOTICE**: The nature of this action is for, *inter alia*, market manipulation, monopolization and unjust enrichment against defendants JP Morgan Chase & Co., JP Morgan Clearing Corp., JP Morgan Securities LLC, and JP Morgan Futures Inc. (merged with and into J.P. Morgan Securities LLC) (collectively "JP Morgan") in connection with the artificial domination of the deferred futures spreads in COMEX/CME silver futures during late 2010 and the first half of 2011.

Plaintiffs Daniel Shak and his hedge funds (SHK Asset Management and SHK Diversified, LLC, and/or their successors in interest) took very large positions in both silver futures and gold futures deferred spreads. JP Morgan, led by their trader Robert Gottlieb, also took large positions in these COMEX/CME silver futures and gold futures spreads. JP Morgan was the counterparty (through the COMEX/CME) to Plaintiffs' silver futures and gold futures spread trades.

Starting in late 2010 and into early 2011, JP Morgan dominated the deferred futures spreads in silver and was counterparty to Plaintiffs' trades. JP Morgan caused a precipitous drop in the spreads from contango to backwardation during this period. JP Morgan held the vast majority of the bull spread (long nearby, short deferred) positions in the COMEX/CME silver futures contracts during this period. At the beginning of this period, JP Morgan also manipulated SIFO (silver forward) rates, which normally represents the fundamental supply and demand economics of the silver market, by providing false indicators to the market about silver shortages, which in fact did not exist.

This manipulation on the COMEX/CME came about through manipulation of the closing range of these spreads on a daily basis. Robert Gottlieb instructed JP Morgan's floor brokers (including Bob Hansen) to enter artificial spread orders 15 minutes before the close, and then, after the close, to provide inaccurate market information to the COMEX/CME representative who was charged with setting the closing spread prices. JP Morgan's motive for manipulating the spreads to a backwardation included (1) to benefit its physical hedging positions with silver producers, which were based on COMEX/CME silver futures prices; (2) to improve its employees (including Robert Gottlieb's) marked-to-market profit and loss positions at the close of the year and at various times thereafter, and (3) to enrich itself at the expense of other spread traders in the market, including Plaintiffs, who had less deep pockets and would be forced out of their positions.

As a consequence of JP Morgan's conduct, Plaintiff Shak was forced out of his gold spread and silver spread positions after sustaining heavy losses. Plaintiffs, in a state of duress, had to pay to exit their gold spread positions for approximately $2 million to JP Morgan at a significant loss. Plaintiffs, in a state of duress, had to pay to exit their silver positions for approximately $5.9 million to a hedge fund, also at a significant loss. In sum, Plaintiffs' out-of-pocket losses from JP Morgan's conduct totaled approximately $25 million on January 24, 2011. Plaintiffs' futures earnings were also severely impacted by JP Morgan's conduct.

The relief sought is: Donnelly Act (NY GBL §340); NY GBL Law §349; Sherman Antitrust Act; unjust enrichment; and other common law claims. Damages will be an amount to be determined at trial but in no event less than twenty-five million ($25 million) dollars.

## SCHEDULE A

Defendants' Addresses:

**JPMorgan Chase & Co.**
c/o the Corporation Trust Company
270 Park Avenue
New York, New York 10017

**J.P. Morgan Securities LLC**
c/o the Corporation Trust Company
383 Madison Avenue
New York, New York 10179

**J.P. Morgan Clearing Corp.**
c/o the Corporation Trust Company
4 Chase Metrotech Center
Brooklyn, New York 11245

**J.P. Morgan Futures Inc. (merged with and into J.P. Morgan Securities LLC)**
c/o the Corporation Trust Company
383 Madison Avenue
New York, New York 10179

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF New York
-----------------------------------------------------------x
DANIEL SHAK, SHK ASSET MANAGEMENT, SHK DIVERSIFIED, LLC

                              Plaintiff/Petitioner,

      - against -                      Index No. 650211/2015

JPMORGAN CHASE & CO., J.P. MORGAN CLEARING CORP., J.P.
MORGAN SECURITIES LLC, J.P. MORGAN FUTURES, INC.
(merged with and into J.P. MORGAN SECURITIES LLC)

                              Defendant/Respondent.
-----------------------------------------------------------x

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

    PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

    The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent/Represent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

    Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment or (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov; mailing address: 60 Centre Street, New York, New York 10007).

Dated: 1/23/2015

_____ (Signature)    825 Third Avenue, 16th Fl._____ (Address)

Thomas W. Elrod_____ (Name)    New York, New York 10017_____

Kirby McInerney LLP_____ (Firm Name)    (212) 371-6600_____ (Phone)

    telrod@kmllp.com_____ (E-Mail)

To:    J.P. Morgan Clearing Corp.

        1 MetroTech Center North

        Brooklyn, New York 11201

6/4/14