USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/10/2017

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANIEL SHAK, SHK DIVERSIFIED, LLC (and/or their successors in interest),<br><br>    Plaintiffs,<br><br>    v.<br><br>JP MORGAN CHASE & CO., J.P. MORGAN CLEARING CORP., J.P. MORGAN SECURITIES LLC, J.P. MORGAN FUTURES, INC. (now known as J.P. MORGAN SECURITIES LLC),<br><br>    Defendants. | Case No. 15 Civ. 992 (PAE)<br><br>Hon. Paul A. Engelmayer |
| THOMAS WACKER,<br><br>    Plaintiff,<br><br>    v.<br><br>JP MORGAN CHASE & CO., J.P. MORGAN CLEARING CORP., J.P. MORGAN SECURITIES LLC, J.P. MORGAN FUTURES, INC. (now known as J.P. MORGAN SECURITIES LLC),<br><br>    Defendants. | Case No. 15 Civ. 994 (PAE)<br><br>Hon. Paul A. Engelmayer |
| MARK GRUMET,<br><br>    Plaintiff,<br><br>    v.<br><br>JP MORGAN CHASE & CO., J.P. MORGAN CLEARING CORP., J.P. MORGAN SECURITIES LLC, J.P. MORGAN FUTURES, INC. (now known as J.P. MORGAN SECURITIES LLC),<br><br>    Defendants. | Case No. 15 Civ. 995 (PAE)<br><br>Hon. Paul A. Engelmayer |

## CIVIL CASE MANAGEMENT PLAN AND [PROPOSED REVISED] SCHEDULING ORDER

This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.    All parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. §636(c).

2.    This case is to be tried to a jury.

3.    Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court.  Any motion to amend or to join additional parties shall be filed within 30 days from the date of this Order.

4.    Pursuant to the Second Circuit's order "leav[ing] it to the District Court to decide the antitrust injury issue in the first instance on remand" (2/1/17 Summary Order at 3 n.2), the parties may each file a supplemental letter brief on this issue, not to exceed five pages, by no later than April 3, 2017.

5.    Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(l), shall be completed no later than 14 days from the date of this Order.

6.    All _fact_ discovery shall be completed no later than December 8, 2017.

7.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.  The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 6 above.

    a.    Initial requests for production of documents to be served by April 28, 2017.

    b.    Interrogatories to be served by July 10, 2017.

    c.    Depositions to be completed by December 8, 2017.

    d.    Requests to Admit to be served no later than December 8, 2017.

8.    a.    All _expert_ discovery shall be completed no later than January 22, 2018.

    b.    No later than thirty (30) days prior to the date in paragraph 6, _i.e.,_ the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of

underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 8(a).

9.  All motions and applications shall be governed by the Court's Individual Rules and Practices, including the requirement of a pre-motion conference before a motion for summary judgment is filed. Pursuant to the authority of Fed. R. Civ. P. 16(c)(2), any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within fourteen (14) days of the date in paragraph 6, *i.e.,* the close of fact discovery.

10. All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

11. a.  Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:

    Defendants will agree to prioritize the production of relevant transactional data. Plaintiffs will agree to prioritize the production of their trading records for the relevant period.

    b.  Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately-retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

    The parties will continue to discuss the retention of a private mediator.

    Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 11(b), be employed at the following point in the case *(e.g.,* within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

    The parties propose that a private mediation be held no later than 14 days prior to the close of fact discovery.

    c.  The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

12. The Final Pretrial Order date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the Final Pretrial Order date, the parties

shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3).  Any motions *in limine* shall be filed after the close of discovery on or before the Final Pretrial Order date. If this action is to be tried before a jury, proposed *voir dire,* jury instructions and verdict form shall also be filed on or before the Final Pretrial Order date.  Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission.  Jury instructions may not be submitted after the Final Pretrial Order date, unless they meet the standard of Fed. R. Civ. P. 5l(a)(2)(A).  If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted on or before the Final Pretrial Order date.

13.     Counsel for the parties have conferred and their present best estimate of the length of trial is four (4) days.

**TO BE COMPLETED BY THE COURT:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Fed. R. Civ. P. 16(b).

14.   [Other]

15.   The next Case Management Conference is scheduled for ~~January 8, 2018~~ at 3:00 p.m.

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 1.E of the Court's Individual Rules and Practices and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

_____
Paul A. Engelmayer
United States District Judge

Dated: ~~July~~ August 9, 2017
New York, New York