# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-202-956-7500
FACSIMILE: 1-202-293-6330

WWW.SULLCROM.COM

*1700 New York Avenue, N.W.*

*Suite 700*

*Washington, D.C. 20006-5215*

_____

NEW YORK • LOS ANGELES • PALO ALTO

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

May 2, 2018

By ECF

Honorable Paul A. Engelmayer,
   Thurgood Marshall United States Courthouse,
      40 Foley Square,
         New York, New York 10007-1312.

         Re:    *Shak* v. *JPMorgan Chase & Co.*, No. 15-cv-992 (S.D.N.Y.);
                  *Wacker* v. *JPMorgan Chase & Co.*, No. 15-cv-994 (S.D.N.Y.);
                  *Grumet* v. *JPMorgan Chase & Co.*, No. 15-cv-995 (S.D.N.Y.).

Dear Judge Engelmayer:

         On behalf of Defendants in the above-captioned actions, I write pursuant to Rule 37.2 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, and Rule 2.C of Your Honor's Individual Rules and Practices in Civil Cases, to respectfully request an informal conference to resolve a discovery dispute. At the April 20 pre-motion conference in this case, Your Honor instructed Plaintiffs' counsel that while they could submit expert errata to correct a "scrivener's error," the deadline for expert discovery had long passed, and so Plaintiffs could not make any further substantive changes to their expert reports. The next morning, however, Plaintiffs served "errata" containing significant substantive changes to the report of their antitrust expert, Dr. Cristian Santesteban (the "April 21 Report"), and four days later served new backup materials for the amended report. Specifically, the April 21 Report and related backup overhaul Dr. Santesteban's comparison of futures and forward prices, and modifies the specifications of a regression analysis used to demonstrate the supposed impact of JPMorgan's conduct on bid-ask spreads. Defendants respectfully request an order striking these substantive amendments.

**I.**    **Dr. Santesteban's Latest "Errata" Are Substantive Amendments that Are Precluded by this Court's Explicit Instructions.**

         On Friday, April 20, the Parties appeared before Your Honor for a pre-motion conference concerning the Parties' proposed motions for summary judgment and motions to exclude expert testimony. At that conference, Your Honor gave clear instructions that "expert discovery is over without prejudice to the right of somebody to claim a scrivener's error, but not a substantive change." (Ex. A (4.24.2018 Hr'g Tr.) at 24:13-15.) The very next day, on the morning of Saturday, April 21, Plaintiffs served the April 21 Report, which made two substantive amendments that are precluded by this Court's order.

Hon. Paul A. Engelmayer                                                                                                          -2-

*First*, Dr. Santesteban completely re-did his analysis concerning the relative value of COMEX futures and OTC forwards. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

More than seven weeks later, and well after the close of expert discovery, Plaintiffs served the April 21 Report, which purports to correct the error Dr. Asker identified in Dr. Santesteban's code. (Ex. D (Second Santesteban Errata) ¶¶ 1, 3-6.) In fact, the changes go much further. ████████████████████████████████████████████████████ In his "errata," Dr. Santesteban changed every part of this analysis. ████████████████████████████████████████████████████████████████████████ This is in and of itself is a substantive change—relying on different instruments and a different time period to support his opinions. ████████████████████████████████████████ Defendants have never had the chance to challenge this opinion or depose Dr. Santesteban about it.

*Second*, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Hon. Paul A. Engelmayer                                                                                                    -3-

        To the extent Plaintiffs claim that Dr. Santesteban merely had typos in his report that did not correctly identify the variables he intended to use for ▬▬▬▬▬▬▬▬, that is simply not credible. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Dr. Santesteban has now walked away from the supposed ▬▬▬▬▬▬▬▬▬▬ to adopt new ones about which Defendants had no chance to depose him.

**II.    Given that Dr. Santesteban's "Errata" Was Served in Direct Violation of a Court Order, the Appropriate Remedy is to Strike the Amendment.**

        Dr. Santesteban's April 21 Report is indefensible.  It was served (i) more than three months after his report was originally served, (ii) nine weeks after Dr. Santesteban was asked about these analyses at deposition, (iii) seven weeks after Defendants' expert reports specifically pointed out the errors in the report that he now purports to correct, (iv) a month after the close of expert discovery, and (v) a day after this Court expressly prohibited further substantive amendments.  Given Plaintiffs' abuse of the discovery process, Defendants respectfully ask the Court to strike the April 21 Report and to prohibit Dr. Santesteban from testifying about its contents.  Defendants will separately move on June 15, 2018 to exclude as unreliable the opinions that remain.

                                                    Respectfully submitted,

                                                    /s/ Amanda F. Davidoff
                                                    Amanda F. Davidoff

cc:    All counsel of record (via ECF)