**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Daniel Shak, et al., | § | |
| | § | |
| v. | § | |
| | § | No. 15cv992(PAE) |
| JPMorgan Chase & Co., et al. | § | |

| | | |
|---|---|---|
| Thomas Wacker, et al., | § | |
| | § | |
| v. | § | |
| | § | No. 15cv994(PAE) |
| JPMorgan Chase & Co., et al. | § | |

| | | |
|---|---|---|
| Mark Grumet, et al., | § | |
| | § | |
| v. | § | |
| | § | No. 15cv995(PAE) |
| JPMorgan Chase & Co., et al. | § | |

**UNOPPOSED MOTION OF THE**
**UNITED STATES FOR AN EXTENSION OF THE STAY**

As directed in the Court's November 30, 2018 Order, the United States, through its undersigned counsel, respectfully submits this Unopposed Motion for an Extension of the Stay. The United States believes there is a continuing need for a stay in these cases because (i) re-opening fact discovery would still be detrimental to an ongoing criminal investigation by the United States, and (ii) an additional five-month stay of these cases would not prejudice the litigants. For the reasons set forth below, the United States respectfully requests that the Court extend the current stay for an additional five months, namely, through October 31, 2019.

I.   **The litigants would not be prejudiced by an unopposed five-month extension of the stay, during which the ongoing criminal investigation may narrow or resolve certain issues in these civil actions.**

The United States respectfully submits that the proposed five-month extension of the stay would not prejudice the litigants in these civil actions because the stay is unopposed by the litigants, it is for a finite period of time, and the ongoing criminal investigation could narrow and focus the issues in dispute in these civil actions.

The United States conferred with counsel for plaintiffs and defendants and sought their positions on the government's request to extend the stay by five months. Counsel for plaintiffs and defendants both stated that they do not oppose the government's request for a five-month extension.

The government recognizes the long pendency of this litigation. Thus, the government is not seeking an open-ended stay that could indefinitely postpone this matter and jeopardize the parties' interests in a timely resolution. Like its original request for a stay, the government's requested extension is for a set period of time— five months—and not an indefinite period of time (*e.g.*, until the conclusion of the criminal investigation). While the United States may seek to extend the stay again at the end of the five-month period, it would have to demonstrate once more good cause for such an additional extension.

Finally, while the United States is requesting a five-month extension to the initial stay, any developments in the criminal case during that period (or any subsequent periods granted by the Court) still may reduce, or completely resolve, the need to litigate certain issues in these civil actions. *See, e.g., S.E.C. v. Blaszczak*, No.

17-CV-3919 (AJN), 2018 WL 301091, at *3 (S.D.N.Y. Jan. 3, 2018) ("The Criminal Case will resolve issues of fact common to the civil case and may reduce the number of issues to be decided in subsequent proceedings in this case.").

For these reasons, the United States believes that a five-month extension of the stay—unopposed by the parties—will not prejudice the litigants in these civil actions.

## II.   Re-opening discovery to allow the depositions in question still would be detrimental to the government's ongoing criminal investigation.[1]

Since the Court stayed these cases on November 30, 2018, as discussed below, the government has pursued its ongoing criminal investigation diligently. The government continues to believe that re-opening discovery to allow for depositions in this case would interfere with that ongoing investigation, and the government re-states and incorporates herein the arguments from its Supplement to the Unopposed Motion of the United States to Intervene and to Stay ("Stay Motion"). *See Shak v. JPMorgan Chase & Co.*, 15-cv-992, Dkt. No. 256 at 3-6 (Nov. 26, 2018). ████

████████████████████████████████████████

████████████████████████████████████████

████████████████

        ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

---

[1] In accordance with Rule 6.B of this Court's Individual Rules and Practices in Civil Cases, the United States is seeking to redact portions of this section and to file them *ex parte* and under seal.









The United States remains willing to provide additional information should the Court find it necessary in its consideration of the government's request to extend the stay.

Dated: May 29, 2019

                                Respectfully submitted,

                                ROBERT A. ZINK
                                Acting Chief

By:   */s/Matthew F. Sullivan*
                                Avi M. Perry
                                Matthew F. Sullivan
                                Trial Attorneys
                                U.S. Department of Justice
                                Criminal Division, Fraud Section
                                1400 New York Ave., NW
                                Washington, DC 20530
                                (203) 821-3797 (Perry)
                                (202) 353-6200 (Sullivan)
                                Avi.Perry@usdoj.gov
                                Matthew.Sullivan2@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I, Matthew F. Sullivan, hereby certify that on May 29, 2019, I electronically filed the foregoing Unopposed Motion of the United States for an Extension of the Stay with the Clerk of Court using the CM/ECF electronic filing system, which will automatically send a Notice of Electronic Filing to all parties.

 /s/*Matthew F. Sullivan*
Matthew F. Sullivan
Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section
