UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DANIEL SHAK, et al.,

                          Plaintiffs,

          -v-

JPMORGAN CHASE & CO., et al.,

                          Defendants.

15 Civ. 992 (PAE)

------------------------------------------------------------------X

THOMAS WACKER, et al.,

                          Plaintiffs,

          -v-

JPMORGAN CHASE & CO., et al.,

                          Defendants.

15 Civ. 994 (PAE)

------------------------------------------------------------------X

MARK GRUMET, et al.

                          Plaintiffs,

          -v-

JPMORGAN CHASE & CO., et al.,

                          Defendants.

15 Civ. 995 (PAE)

<u>ORDER</u>

------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

      The Court has reviewed the Government's motion (Dkt. 273) for a second extension of the stay that the Court has put in place on account of the interplay between these consolidated civil antitrust cases and a federal criminal investigation of related or overlapping conduct of

precious metals futures traders at JP Morgan Chase & Co. ("JPM"). During the investigation, on the Government's motion, the Court, on November 30, 2018, imposed a six-month stay, Dkt. 263, and later extended that stay, Dkt. 269. The investigation has now resulted in an indictment, *United States v. Smith et al.*, No. 19 Cr. 669 (N.D. Ill.), which brings charges against three current and former JPM traders, relating to precious metals futures. In recognition of the overlapping areas of conduct and personnel, the Government asks the Court to extend the stay of this case through the end of the criminal case. Dkt. 273. It represents that JPM, the defendant in these cases, does not oppose such relief. *Id.* Plaintiffs oppose this relief. Dkt. 274. They seek a partial lifting of the stay to enable them to amend their pleadings. Plaintiffs state that they would not oppose a continued stay of discovery while JPM answers the new pleadings and/or moves to dismiss them. *Id.*

The overlap between this civil matter and the criminal case clearly justifies a continued stay of this civil matter. As the Court has previously recognized, the charges brought and the evidence revealed in the criminal proceeding may reveal evidence of consequence to the claims made by the plaintiffs here. Indeed, as the Government notes, the *Smith* indictment itself quotes a communication among co-conspirators referring to plaintiff Daniel Shak. There will likely be good cause to reopen discovery, whether as to document discovery or depositions or both. At the same time, as the Government notes, during the pendency of the criminal case, it will not be realistic to obtain certain forms of civil testimony (e.g., depositions or trial testimony of persons who may invoke their Fifth Amendment rights). Indeed, plaintiffs' counsel represents, one of the indicted defendants, Michael Nowak, was JPM's designated Rule 30(b)(6) witness. The Court accordingly extends the stay of proceedings in this case until June 30, 2020. The Court, however, declines to grant the Government's request to extend the stay until the end of the

criminal trial, which is as-yet unscheduled. Although the stay of this case may ultimately last until that point, the interest in assuring that the stay last no longer than necessary, and is no more broad in its scope than necessary, counsels in favor of a fresh assessment by this Court, approximately every six months of the need for a continued stay and proper the scale of the stay. The Court directs the parties and the Government, by June 23, 2020, to submit in writing their views at the time as to these matters.

Plaintiffs request that the stay be lifted in part to permit plaintiffs now to file an amended complaint, to which, plaintiffs anticipate, JPM would respond with a motion to dismiss or an answer. The Court denies plaintiffs' request as ill-conceived. Developments in the criminal case may, or may not, ultimately justify an amended complaint broadening plaintiffs' claims in this long-running case, which is now at the summary judgment stage. At this juncture, the Court is prepared only to say that reopened discovery of JPM and its personnel is likely in light of the criminal case. But whether or not the Court might eventually find good cause for such an amended complaint, efficient case management is disserved by permitting an amended complaint, and follow-on motions practice, now. Plaintiffs, through the criminal pretrial and trial proceedings, may learn more information than is contained in the *Smith* indictment bearing on a potential amendment. And plaintiffs have not ruled out that they might seek again to amend based on information that later comes to light from the criminal proceedings. To the extent the Court might permit plaintiffs to amend in light of the criminal case, the Court would not do so multiple times. Any attempt to seek to leave to amend here on the basis of the criminal case is therefore properly made once plaintiffs' counsel can commit that any proposed amended complaint would be plaintiffs' last.

3

Given, *inter alia*, the likely length of the eventual stay here in deference to the criminal trial, the Court strongly again encourages counsel to discuss a potential resolution of this matter.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: November 5, 2019
      New York, New York